UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NARESSA COFIELD,<br><br>*Plaintiff*<br><br>v.<br><br>KIPP NEW ORLEANS, INC., ET AL.,<br><br>*Defendants* | CIVIL ACTION NO. 2:21-CV-02223<br><br>JUDGE LANCE M. AFRICK<br><br>MAG. JUDGE DANA M. DOUGLAS |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

NOW INTO COURT, through undersigned counsel, comes Plaintiff Naressa Cofield ("Plaintiff" or "Dr. Cofield"), who hereby submits the following Memorandum in Support of her Motion to Stay Proceedings in this case pending the outcome of the trial of her claims in the National Labor Relations Board based on the reasons set forth below:

### I.     INTRODUCTION

Dr. Cofield is a high-achieving, high performing, former administrator for Defendant KIPP New Orleans, Inc. (hereinafter sometimes referred to as "KIPP" or "KNOS"), a public charter school network in New Orleans, Louisiana. For years, KIPP regarded Dr. Cofield as one of their standout employees. However, when Dr. Cofield began to question whether she and other Black women were paid less than their white and male peers, and subsequently advocated for raises, Defendants summarily terminated her employment. The reason Defendant Octave LaRoche, Chief Strategy Officer for KIPP, gave Dr. Cofield for her termination was that she "breached confidentiality" by sharing "confidential" salary information. In reality, this salary information

was not confidential, and KIPP later produced the same information in response to public records requests. That salary information supports Dr. Cofield's claims that Black women employed at KIPP are paid less than their white and male peers. After her termination, Defendants failed to provide Dr. Cofield with her notification of her right to COBRA coverage, and later, employer-paid COBRA coverage, despite Federal law mandating they do so. As a result, a host of Dr. Cofield's rights under Federal and state law were violated, resulting in substantial emotional and economic injuries.

## II.     PROCEDURAL BACKGROUND

On May 25, 2021, Dr. Cofield filed a Charge Against Employer alleging unfair labor practices by Defendant KIPP with the National Labor Relations Board (NLRB). *See* Exhibit 1. Dr. Cofield's NLRB Charge alleged that KIPP maintained an "unlawfully overbroad policy that prohibits KNOS employees from discussing compensation" in violation of the National Labor Relations Act (NLRA). Ex. 1 at 3. Dr. Cofield's NLRB Charge further alleged that KIPP terminated her employment in retaliation for her participation in protected concerted activity regarding employee compensation. Ex. 1 at 3.

On December 3, 2021, Dr. Cofield filed the instant suit against KIPP and her former supervisors at KIPP, Rhonda Kalifey-Aluise and Octave LaRoche. R. Doc. 1. Dr. Cofield's Complaint alleges, among other things, that her termination on December 4, 2020 was discriminatory, and in retaliation for advocating for equal pay for herself and other Black women. *See* R. Doc 1. She further alleged that Defendants' justification for her termination – that she was fired for sharing "confidential salary information" – was pretextual, as the same salary information is contained in public records. *Id.* at ¶¶ 74-75. Dr. Cofield pled that Defendants' actions violated her rights arising Federal and state law, and sought compensatory damages among other remedies. *Id.*

On February 11, 2022, the General Counsel's Office of the National Labor Relations Board filed a Complaint and Notice of Hearing against Defendant KIPP. *See* Exhibit 2. The NLRB's Complaint alleged that KIPP New Orleans, Inc.'s "Non-Disclosure/Confidentiality" policy is overly broad in violation of the National Labor Relations Act. Ex. 2, ¶ 6 ("NLRB Complaint"). The NLRB Complaint further alleged that "employee Cofield engaged in concerted activities with other employees for the purpose of mutual aid and protection by regularly discussing wages with employees and protesting terms and conditions of employment," Ex. 2, ¶ 7. The NLRB Complaint further charges that KIPP retaliated against Dr. Cofield by terminating her employment on December 4, 2020, just two days after she had last "engaged in concerted activities with other employees for the purpose of mutual aid and protection by requesting a wage increase for employees," and that KIPP did so to "discourage employees from engaging in these or other concerted activities." Ex. 2, ¶ 7. The NLRB Complaint asks that the National Labor Relations Board order that "Cofield be made whole, including reasonable consequential damage[.]" Ex. 2, p. 3. Trial before an Administrative Law Judge for the National Labor Relations Board on the issue of liability is set to commence on May 16, 2022, and likely will last several days. *See* Ex. 2, p. 5. If a judgment is made against KIPP New Orleans, Inc. on liability, a second trial on damages will be set by the National Labor Relations Board for a later date.

### III.    ARGUMENT

Dr. Cofield now seeks a stay of the proceedings in the instant action pending the final adjudication of the related NLRB proceedings described above. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The

district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.")

Simultaneous proceedings before this Court and the NLRB in the instant matter raise a substantial risk of inconsistent rulings. This risk arises from the similarities in claims between the suit proceeding before this Court, and the NLRB suit. Similarities include whether Dr. Cofield advocated for herself and other Black women – the difference between the two suits is in determining whether the same conduct was protected by the National Labor Relations Act or under federal and state discrimination and retaliation laws. Other similarities include determining whether and what damages Dr. Cofield suffered as a result of her termination, and whether an award of lost wages, benefits and other economic losses is appropriate. *See, e.g., Austin v. Sanofi-Aventis, United States, LLC,* No. 13-566, 2013 U.S. Dist. LEXIS 82015, at *4 (E.D. La. June 10, 2013) (a stay is appropriate when the proceedings "raise[] questions that are common to related actions"). Under these circumstances, permitting this action to continue would "duplicate effort and waste judicial resources." *Trs. of the E. States Health & Welfare Fund v. Crystal Art Corp.*, 00 Civ. 0887 (NRB), 2000 U.S. Dist. LEXIS 15091, at *12-13 (S.D.N.Y. Oct. 10, 2000).[1] See *also Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, 932 F. Supp. 2d 1181, 1199 (D. Or. 2013).

"When determining whether a stay is warranted, the court must balance the hardships to the parties." *Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, 932 F. Supp. 2d 1181, 1191 (D. Or. 2013); *Robiho v. Univ. Healthcare Sys., L.L.C.*, No. 11-1901, 2011 U.S. Dist. LEXIS 116621, at *12 (E.D. La. Oct. 6, 2011) (granting a stay "calls for the exercise of judgment, which

---

[1] *Trs. of the E. States Health & Welfare Fund v. Crystal Art Corp.*, 00 Civ. 0887 (NRB), 2000 U.S. Dist. LEXIS 15091, at *13 (S.D.N.Y. Oct. 10, 2000) ("As plaintiffs have remedies available in this Court for [claims] . . . that are not available in the NLRB proceeding, a stay, rather than a dismissal, is appropriate."); *Messinger v. Bldg. Contractors Ass'n*, 703 F. Supp. 320, 324 (S.D.N.Y. 1989) (same).

must weigh competing interests and maintain an even balance.") Here, no hardship is caused by the imposition of a stay. Further, judicial economy is promoted by a stay of proceedings, as while the National Labor Relations Board suit is pending, a settlement between the parties requires approval of the National Labor Relations Board, limiting the abilities of the Parties to come to a mutually agreeable resolution. Finally, the short period of time until the NLRB trial regarding Dr. Cofield's termination – just over one month – further justifies a stay of the proceedings before this Court. *See In re Davis*, 730 F.2d 176, 179 (5th Cir. 1984) (a stay generally must "be spent within reasonable limits"). In order to promote efficient use of the Court's and parties' resources, Plaintiff requests the stay of proceedings pending the adjudication of the related National Labor Relations Board Complaint issued against Defendant KIPP, which is scheduled for trial on May 16, 2022.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Naressa Cofield respectfully requests that this Court grant her Motion to Stay the Proceedings pending the outcome of the upcoming trial before the National Labor Relations Board.

Respectfully submitted,

/s/     Casey Denson
**Casey Rose Denson (La. Bar #33363)**
**Justine G. Daniel (La. Bar #36856)**
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (504) 534-3380
cdenson@caseydensonlaw.com
jdaniel@caseydensonlaw.com
*Attorneys for Plaintiff Naressa Cofield*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 6, 2022, a copy of the foregoing Memorandum in Support of Plaintiff's Motion to Stay Proceedings was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                              /s/ Casey R. Denson
                                        CASEY R. DENSON, ESQ.